HODGIE WILLIAMS REDWINE v. W. R. BASS.

(Filed 19 April, 1939.)

**Negligence § 21—**

> Where the facts alleged in the complaint do not present the doctrine of last clear chance, and plaintiff fails to plead same by reply to the answer setting up a version of the accident which might require the application of the doctrine, it is not error for the court to fail to instruct the jury in regard to the doctrine in the absence of a request for a special instruction.

APPEAL by plaintiff from *Harris, J.,* at November Term, 1938, of FRANKLIN.

This is an action by a parent to recover hospital, nursing and medical bills, and other expenses incurred in the care and treatment of an infant child who suffered certain personal injuries as a result of being struck by an automobile operated by the defendant, the plaintiff alleging that the collision and resulting injury were proximately caused by the negligence of the defendant.

Plaintiff backed her car into a path leading into the main highway so as to have her car headed toward the gate to her residence. She then

sent her child, about five years of age, across the road to open the gate. The defendant was at the time approaching in an automobile and admittedly struck the child at or near the bridge over the ditch or drainway of the road.

Theretofore, the plaintiff as next friend for her infant child, instituted an action for damages against the defendant based on the same facts set out in the complaint. The jury in that cause exonerated the defendant, finding that he was not guilty of negligence which proximately caused the injuries to the infant.

The jury, in its answer to the first issue, found that said child was not injured through the negligence of the defendant. From judgment on the verdict, plaintiff appealed.

*W. L. Lumpkin, E. C. Bulluck and Yarborough & Yarborough for plaintiff, appellant.*
*White & Malone for defendant, appellee.*

PER CURIAM. The assignments of error contained in the record are directed to alleged errors in the charge. Plaintiff relies particularly upon the alleged erroneous failure of the court to explain the doctrine of the last clear chance and to apply the same to the evidence in the case. The acts of negligence alleged in the complaint do not give rise to the application of the doctrine of the last clear chance. When the defendant answered, pleading contributory negligence of the plaintiff parent, and setting up a version of the occurrence which might require the application of the doctrine, the plaintiff did not reply and plead the same. Under the present state of the pleadings, in the absence of special prayer, the charge of the court may not be successfully challenged.

The case is essentially one of fact. The plaintiff offered sufficient evidence of negligence to be submitted to a jury. The evidence offered by the defendant tended to show want of negligence and to exculpate the defendant. This evidence has been submitted to a jury in two separate trials. Each jury has found that the defendant was not guilty of negligence causing injury to plaintiff's infant child. We can find no sufficient cause for disturbing the verdict and judgment.

No error.